**Mary D. McNAIR, and Tiyi–Kitani McNair, Plaintiffs,**

v.

**McGRATH LEXUS–COLOSIMO, LTD., d/b/a McGrath Lexus, Defendant.**

No. 96 C 6964.

United States District Court, N.D. Illinois, Eastern Division.

June 11, 1998.

MacArthur Drake, Gary, IN, Tiyi Kitani McNair, Gary, IN, for Plaintiffs.

Patrick Joseph Williams, Connolly, Ekl & Williams, P.C., Claredon Hills, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

In their third amended complaint the plaintiffs, Mary McNair and Tiyi–Kitani McNair ("McNairs"), attempt to state claims under the Commerce Clause of the United States Constitution, the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and the Magnuson–Moss Warranty Act ("Magnuson–Moss Act"), 15 U.S.C. § 2301 *et seq.*[1] The defendant, McGrath Lexus–Colosimo, Ltd. ("McGrath Lexus"), moves to dismiss the complaint. For the following reasons, the motion is granted in part and denied in part.[2]

1. The McNairs' second amended complaint attempted to state claims under 42 U.S.C. §§ 1981 & 1982 and on a variety of state law grounds. I dismissed the second amended complaint on November 4, 1997.

2. The McNairs submitted a proposed copy of

## Background

The McNairs allege they purchased a used Lexus from McGrath Lexus on two conditions: (1) four new tires were to be installed on the Lexus and (2) McGrath Lexus would provide a service agreement or warranty allowing the McNairs to obtain service from any Lexus dealer nationwide. (Comp.¶ 7).[3] On June 30, 1995, the McNairs tendered an unsigned check for $20,995.00 made payable to "Tiyi–Kitani McNair and Mary McNair and McGrath Lexus" to McGrath Lexus, took possession of the Lexus, and were told to call the dealership on July 3, 1995, regarding the new tires. (Comp.¶¶ 6, 8). Upon calling McGrath Lexus, the McNairs allege they were told four new tires would not be provided. The McNairs asked that their money be returned. (Comp.¶ 10). According to the McNairs, McGrath Lexus equivocated regarding the return of the check. After two weeks of unreturned phone calls the McNairs contacted their bank and learned the check had been cashed bearing their purported signatures. (Comp.¶ 11). The McNairs claim the warranty they received restricts service to the McGrath Lexus dealership but that they have been barred from McGrath Lexus' premises. (Comp.¶ 12).

## ICFA

■ McGrath Lexus argues the McNairs may not maintain a claim under the ICFA because the McNairs' complaint does not implicate consumer concerns and the McNairs did not meet the ICFA's pre-filing notice requirements. On January 1, 1996, the ICFA was amended to require, when a plaintiff sues a car dealer, "[p]roof of a public injury, a pattern, or an effect on consumers and the public interest generally...." 815 ILCS 505/10(a). The ICFA's requirement is met if the plaintiff alleges the defendant acted in a manner that has the "[p]otential for repetition." *Id.* Both the McNairs' third and fourth amended complaints allege deceptive acts by McGrath Lexus that have the potential for repetition to other consumers. Accordingly, this requirement is met.

■ The newly amended ICFA also requires a plaintiff seeking relief against a car dealer to, at least thirty days prior to the filing of an action, "serve a written notice of the nature of the alleged violation and demand for relief upon the prospective party ... against whom such action will be commenced." 815 ILCS 505/10a(h). The prospective party has thirty days to submit a written offer of settlement which, if rejected, may limit a prevailing plaintiff's ability to recover attorney's fees. "The party who is seeking relief must certify in any cause of action that the notice and demand was served upon the named defendants and the substance of their response, if any." *Id.* In neither the third amended complaint nor the fourth amended complaint do the McNairs certify a written notice demanding relief was served upon McGrath Lexus. Instead, the McNairs argue the legal purpose of the notice requirement was met by previous filed complaints in this action. Previously filed complaints do not meet the ICFA's statutory notice requirement. Accordingly, until that requirement is met, the McNairs may not maintain a claim under the ICFA.

## Magnuson–Moss Act

■ McGrath Lexus argues the McNairs' Magnuson–Moss Act claim fails because the McNairs have not alleged a warranty violation and do not meet the amount in controversy requirement to sustain an action under the Magnuson–Moss Act. The McNairs allege they were barred from the McGrath Lexus dealership making it impossible to obtain service for their Lexus in violation of their warranty. (Comp.¶ 12). This is a sufficient allegation of breach of warranty.[4]

■ Federal courts do not have jurisdiction over a Magnuson–Moss Act claim "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests [sic] and costs)...." 15 U.S.C. § 2310(d)(1)(B). The McNairs' claim McGrath Lexus' conduct entitles them to

---

their fourth amended complaint with their response to McGrath Lexus' motion to dismiss. The proposed fourth amended complaint is considered in this decision.

**3.** All citations to the complaint refer to the third amended complaint.

**4.** The McNairs' warranty appears to be attached to their fourth amended complaint.

$75,000 plus punitive damages and attorney's fees. In their fourth amended complaint the McNairs allege they are also entitled to consequential damages and indicate they are specifically seeking $75,000 in punitive damages.

■■■ "Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule." *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). If a defendant challenges a plaintiff's ability to meet the jurisdictional amount, the plaintiff must present competent proof to a reasonable probability that jurisdiction exists. *Id.*

Although the McNairs request $75,000.00 in damages, the only sum specifically delineated is the price of the Lexus: $20,995.00. The Seventh Circuit recently indicated that since attorney's fees do not exist at the time a case is filed, they should not be considered in determining the amount in controversy. *Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957–59 (7th Cir.1998).[5] Although the McNairs have added a claim for consequential damages in their fourth amended complaint, they have not presented any proof as to the extent of such damages. It is unlikely consequential damages in this case will be substantial.

■■■ The McNairs allege $75,000.00 in punitive damages in their fourth amended complaint. Congress was silent on the scope of damages under the Magnuson–Moss Act. The Seventh Circuit, in dicta, indicated punitive damages may be available under the Magnuson–Moss Act. *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 n. 44 (7th Cir.1979). "In the absence of an explicit Congressional mandate, courts have sought guidance from applicable state breach of warranty laws" to determine whether punitive damages are recoverable. *Lieb v. American Motors Corp.*, 538 F.Supp. 127, 133 (S.D.N.Y.1982). Generally, punitive damages in Illinois are not available for breach of contract or warranty.

*C–B Realty & Trading Corp. v. Chicago & North Western Ry. Co.*, 289 Ill.App.3d 892, 682 N.E.2d 1136, 1143, 225 Ill.Dec. 59, 66 (1st Dist.1997). There is, however, an exception to the rule. Punitive damages are recoverable "when the conduct causing the breach is also a tort for which punitive damages are recoverable." *Morrow v. L.A. Goldschmidt Associates, Inc.*, 112 Ill.2d 87, 492 N.E.2d 181, 184, 96 Ill.Dec. 939, 942 (Ill.1986). In such instances, the plaintiff must allege malice, wantonness, or oppression. *Id.*

The McNairs argue McGrath Lexus' conduct amounts to an independent tort that preserves their claim for punitive damages. Drawing all reasonable inferences in favor of the McNairs, it is possible the alleged conduct is common law fraud. According to the McNairs, McGrath Lexus indicated their warranty would allow service at any Lexus dealership nationwide. The McNairs allege that not only does the warranty only allow service at the McGrath Lexus dealership, but McGrath Lexus has barred them from service at the McGrath Lexus dealership. The McNairs allege McGrath Lexus' misrepresentations and actions were willful, wanton, and malicious. (Comp.¶ 16).

Under the circumstances alleged, it cannot be said with "legal certainty" that the McNairs will not be able to recover the punitive damages they have plead. Accordingly, the McNairs' Magnuson–Moss Act claim will not be dismissed.

### Conclusion

Since the McNairs did not fulfill the prerequisites to bringing an ICFA claim, their ICFA claim is dismissed. The McNairs' Magnuson–Moss Act claim, as presented in their fourth amended complaint, survives the motion to dismiss. Since the fourth amended complaint was attached to the McNairs' response to McGrath Lexus' motion to dismiss the third amended complaint and included new allegations and new exhibits, McGrath Lexus has not had an opportunity to formally challenge the sufficiency of the fourth amended complaint. Accordingly, to the ex-

---

**5.** While pre-filing attorney's fees may be recoverable, the McNairs have presented no evidence such fees exist.

tent new allegations are raised, McGrath Lexus may file a motion to dismiss the fourth amended complaint.